IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAMIEN SMITH,

                Plaintiff,

    v.

ANTHONY HENTZ, ANNETTE ZARIPOV-BRAND
and ANGELA STETTER,,

                Defendants.

ORDER

15-cv-633-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff Damien Smith is proceeding on claims that defendants Anthony Hentz, Annette Zaripov-Brand and Angela Stetter failed to provide him appropriate treatment after he broke his hand in May 2014, thus violating his rights under the Eighth Amendment and state negligence law. On September 28, 2017, the case was stayed pending the court's recruitment of counsel for plaintiff. The court has now recruited counsel Gregory Everts, Brittany Ogden, Carly Conway, Anita Boor, and Marisa Berlinger of Quarles & Brady, LLP, to represent plaintiff pro bono for the remainder of this civil action. The court will enter their appearance as plaintiff's pro bono counsel for the record.

Plaintiff should appreciate that his counsel took on this representation out of a sense of professional responsibility. Now that plaintiff is represented by counsel, he too has a responsibility. He must not send any future communications to the court, but must work directly and cooperatively with his attorneys, as well as those working at their direction, and must permit them to exercise their professional judgment to determine which matters are

1

appropriate to bring to the court's attention and in what form. Plaintiff does not have the right to require counsel to raise frivolous arguments or to follow every directive he makes. On the contrary, plaintiff should expect his counsel to tell him what he needs to hear, rather than what he might prefer to hear, and understand that the rules of professional conduct may bar counsel from taking certain actions or permitting plaintiff from doing so. If plaintiff decides at some point that he does not wish to work with his lawyers, he is free to advise the court of his decision and end their representation, but he should be aware that it is highly unlikely that the court will recruit a second set of attorneys to represent him.

The next step is for the court to hold a status conference to reset the calendar in this case. Counsel should consult with plaintiff in advance of the conference.

ORDER

IT IS ORDERED that the clerk's office enter Gregory Everts, Brittany Ogden, Carly Conway, Anita Boor, and Marisa Berlinger of the law firm of Quarles & Brady, LLP, as plaintiff's pro bono counsel of record and to set this case for a status conference in December before Magistrate Judge Crocker.

Entered this 25th day of October, 2017.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge