IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DAMIEN SMITH,

    Plaintiffs,

v.

ANTHONY HENTZ, ANNETTE ZARIPOV-BRAND and ANGELA STETTER,

    Defendants.

OPINION & ORDER

15-cv-633-jdp

Plaintiff Damien Smith is proceeding on claims that staff at the New Lisbon Correctional Institution failed to give him appropriate treatment after he broke his hand in May 2014, thus violating his rights under the Eighth Amendment and state negligence law. On September 21, 2017, Judge Barbara B. Crabb granted in part and denied in part the motions for summary judgment filed by defendants, concluding that there were genuine disputes of material fact with respect to Smith's claims against state defendants Angela Stetter and Anthony Hentz, and privately employed defendant Annette Zaripov-Brand. Dkt. 111. Judge Crabb then granted Smith's motion for assistance in recruiting counsel to represent him at trial, and the court recruited lawyers from Quarles & Brady, LLP to represent Smith. On December 19, 2017, this case was reassigned to me for further proceedings, including the jury trial scheduled for October 9, 2018.

Now before the court are defendants' motions for leave to file motions to dismiss Smith's medical malpractice claims, Dkt. 138 (Stetter and Hentz), 141 (Zaripov-Brand), as well as the motions to dismiss. Dkt. 139 (Stetter and Hentz), 142 (Zaropiv-Brand). Defendants argue that Smith's medical malpractice claims should be dismissed because all of the remaining

defendants are registered nurses and Wisconsin law does not permit medical malpractice claims against nurses directly.[1]

I will grant defendants' requests for leave to file their motions, as their argument that Smith has failed to state a claim for medical malpractice is one that can be raised at any time. Fed. R. Civ. P. 12(h)(2). As for the motions to dismiss, I will deny the motions for the reasons below.

OPINION

The premise of defendants' motions is that Wisconsin Statutes Chapter 655 provides the "exclusive" means of raising a medical malpractice claim under Wisconsin law. Dkt. 140 at 4 (arguing that Chapter 655 "govern[s] who may (and may not) be sued under Wisconsin law for medical malpractice"). Defendants further argue that because Chapter 655 does not permit medical malpractice claims against nurses directly, Smith's medical negligence claims against defendants Stetter, Hentz or Zaripov-Brand must be dismissed.

Defendants' interpretation of Chapter 655 is only partially accurate. Chapter 655 sets forth a broad legislative scheme regulating medical malpractice actions, including procedural requirements for bringing claims, insurance obligations, and the creation of the Injured Patients and Families Compensation Fund. *Wisconsin Med. Soc'y, Inc. v. Morgan*, 2010 WI 94, ¶ 11, 328 Wis. 2d 469, 787 N.W.2d 22. Defendants are correct that Chapter 655 is intended to provide the "exclusive procedure and remedy" for medical malpractice claims brought against medical

---

[1] The state defendants also argue in a footnote that if Smith's claims are not barred by Chapter 655, they should be dismissed because Smith failed to file a notice of claim under Wis. Stat. § 893.82. However, Judge Crabb rejected this argument already and defendants have raised no basis to reconsider her decision. Dkt. 111 at 22. Therefore, I will not consider it further.

care providers who are covered by the chapter. However, Chapter 655 does not apply to *all* individuals who provide medical care. Instead, Chapter 655 applies to "health care providers" and "employees" of health care providers, as those terms are defined in the statute. *See Phelps v. Physicians Ins. Co. of Wisconsin*, 2009 WI 74, ¶ 64, 319 Wis. 2d 1, 768 N.W.2d 615 (*Phelps II*) ("Chapter 655 constitutes the exclusive procedure and remedy for medical malpractice in Wisconsin against health care providers*, as that term is defined in Wis. Stat. § 655.001(8)*, and their employees.") (citation omitted) (emphasis added). Thus, if a named defendant meets the definition of "health care provider" or "employee" of a health care provider, the procedures and remedies set forth in Chapter 655 govern any medical malpractice claim brought against the defendant.

However, individuals who provide medical care but who do not qualify as "health care providers" or "employees" of a health care provider under the definition in Chapter 655 are not covered by the statute. *Phelps v. Physicians Ins. Co. of Wisconsin*, 2005 WI 85, ¶ 62, 282 Wis. 2d 69, 698 N.W.2d 643 (*Phelps I*) (explaining that provisions of chapter "cannot be applied to a non-chapter 655 case or non-chapter 655 health care provider"). Thus, in *Phelps I*, the Wisconsin Supreme Court concluded that the provisions of Chapter 655 would not apply to a medical malpractice claim brought against a first-year resident, because he was not a licensed physician who qualified as a "health care provider" under Chapter 655, unless the resident was as an "employee" of a health care provider. *Id.* This was significant in *Phelps I*, because without the protections of Chapter 655, the resident would not be covered by the Injured Patients and Families Compensation Fund, would not be protected by the medical malpractice damage caps and could face a claim for negligent infliction of emotional distress to a bystander, a claim not allowed under Chapter 655. *Id.* at ¶ 64. The Court remanded the case to the circuit court to

consider the question whether the resident qualified as a "borrowed employee" of the hospital at which he worked. *Id.* at ¶ 65. In a later decision, the Court concluded that the resident qualified as a "borrowed employee" and was covered by Chapter 655. *Phelps II*, 2009 WI 74, ¶ 57.

As relevant in this case, it is well-established that Chapter 655 does not generally apply to state employees. *Wisconsin Med. Soc'y*, 2010 WI 94, ¶ 10 (noting that provisions of Chapter 655 are not applicable to "state, county, or municipal employees, or federal employees") (citing Wis. Stat. § 655.003)); *Rouse v. Theda Clark Med. Ctr., Inc.*, 2007 WI 87, ¶ 50, 302 Wis. 2d 358, 735 N.W.2d 30 (Abrahamson, C.J. dissenting); *Suchomel v. Univ. of Wis. Hosp. & Clinics*, 2005 WI App 234, ¶¶ 26–28, 288 Wis. 2d 188, 708 N.W.2d 13; *Coe v. Cty. of Wood*, 168 Wis. 2d 359, 485 N.W.2d 839 (Ct. App. 1992) (unpublished). Thus, medical malpractice claims against state employees are not governed by Chapter 655, but are instead controlled by other statutes applicable to medical malpractice claims generally, and to claims against state employees in particular. *See, e.g.,* Wis. Stat. §§ 893.82 (procedures governing claims against state employees); 893.55 (medical malpractice statute of limitations); *see also Estate of Radley ex rel. Radley v. Ives*, 2007 WI App 19, ¶ 6, 298 Wis. 2d 551, 727 N.W.2d 375 (applying former notice-of-claim statute, Wis. Stat. § 893.82(2m), to medical malpractice claim against nurses employed by state); *Lamoreux v. Oreck*, 2004 WI App 160, ¶ 50, 275 Wis. 2d 801, 828, 686 N.W.2d 722, 735 (dismissing "medical malpractice action" brought against state employee because plaintiff failed to satisfy the notice-of-claim requirements under Wis. Stat. § 893.82(3), in effect at the time); *McCullough v. Lindblade*, 513 F. Supp. 2d 1037, 1038 (W.D. Wis. 2007) (applying notice-of-claim requirements to "medical malpractice" action brought

against physician employed by state); *Rice v. Sielaff*, 2006 WI App 101, 293 Wis. 2d 361, 715 N.W.2d 240 (same).

Additionally, "nurses" are not "health care providers" subject to individual liability under the statute. Wis. Stat. § 655.002(1); *Patients Comp Fund v. Lutheran Hosp.–La Crosse, Inc.*, 216 Wis. 2d 49, 56, 573 N.W.2d 572, 575 (Wis. Ct. App. 1997). A claim of medical negligence against a nurse who is an "employee" of a "health care provider" is still governed by Chapter 655, however, as providers are required to maintain insurance to cover employees who are not obligated to maintain their own insurance. *Patients Comp. Fund*, 216 Wis. 2d at 56, 573 N.W.2d at 575. Thus, if an injured claimant alleges that a nurse employed by a "health care provider" was negligent, the claimant could name the nurse's employer or the employer's insurer as a defendant. Wis. Stat. § 655.23(5); *Rogers ex rel. Rogers v. Saunders*, 2008 WI App 53, ¶ 2, 309 Wis. 2d 238, 241, 750 N.W.2d 477, 479 ("[A] nurse employed by a health care provider (as defined by the chapter) has no personal exposure for malpractice liability. Rather, any negligence on the part of the nurse is included in the liability limit of the health care provider and is covered by the provider's insurance.").

In their motions to dismiss, defendants argue that Smith's state law claims should be dismissed because, as nurses, they cannot be subjected to medical malpractice lawsuits under Chapter 655. With respect to the state defendants' motion, however, their citation to Chapter 655 missed the point. Defendants are correct that they are not covered by Chapter 655, but that is because *no* state employee is covered by that chapter. Defendants are neither "health care providers" nor employees of a "health care provider." But this just means that Smith's medical malpractice claim proceeds as a "non-Chapter 655 case," to borrow the Court's phrase from *Phelps I*, 2005 WI 85, ¶ 62, subject to the particular rules and restrictions that apply to

claims against state employees generally. The fact that defendants are not covered by Chapter 655 does not mean that Smith has no cause of action against them. Defendants understandably cite *Northern v. Frisk*, No. 13-cv-367, 2017 WL 2589426 (W.D. Wis. June 14, 2017), in support of their position, but that decision was based on the briefs and arguments provided by the parties in that case. It does not necessarily foreclose medical negligence claims brought against nurses employed by the state, particularly now that the issue is pointedly contested.

Wisconsin courts make clear that a claim for "medical malpractice" is simply a claim that that a medical care provider's actions fell below the requisite standard of care. *See, e.g., McEvoy by Finn v. Grp. Health Co-op. of Eau Claire*, 213 Wis. 2d 507, 529–30, 570 N.W.2d 397, 406 (1997) (describing "medical malpractice" as "negligent medical acts or decisions made in the course of rendering professional medical care"). Thus, regardless whether the medical malpractice claim is brought against an individual covered by Chapter 655 or an individual falling outside Chapter 655, the underlying claim is governed by common law negligence standards. As the Wisconsin Court of Appeals has explained, "[i]n a medical malpractice claim, *like in any negligence claim*, the plaintiff must establish (1) a breach of (2) a duty owed (3) that results in (4) an injury or injuries, or damages, i.e., a negligent act or omission that causes an injury." *Estate of Hegarty ex rel. Hegarty v. Beauchaine*, 2006 WI App 248, ¶ 153, 297 Wis. 2d 70, 159, 727 N.W.2d 857, 900 (emphasis added) (citing *Paul v. Skemp*, 2001 WI 42, ¶ 17, 242 Wis. 2d 507, 520, 625 N.W.2d 860, 865). *Stapleton v. Warner*, No. 2012AP2336, 2013 WL 12183674, at *1 (Wis. Ct. App. Sept. 10, 2013) (unpublished) (applying same standards to negligence claim brought against prison nurses). In short, although defendants Stetter and Hentz are not subject to the requirements of Chapter 655, Smith may still bring a medical malpractice claim based on common law negligence. To conclude otherwise would be to leave

patients injured by the negligent actions of state-employed nurses without any remedy at all, a conclusion this court will not reach without clear guidance from the Wisconsin legislature or Wisconsin state courts.

As for defendant Zaripov-Brand, who was employed by private company TotalMed Staffing, Inc., Smith's medical malpractice claim may fall under Chapter 655. In particular, if TotalMed Staffing qualifies as a "health care provider," it may be that Smith needed to follow the procedural requirements of Chapter 655 and seek recovery from Zaripov-Brand's employer or the employer's insurer. However, Zaripov-Brand has provided no information about TotalMed Staffing from which I could conclude that she was an "employee" of a "health care provider" within the meaning of Chapter 655. In fact, Zaripov-Brand provided no information about TotalMed at all. Accordingly, I will not dismiss Smith's claim against Zaripov-Brand either.

ORDER

IT IS ORDERED that

1. The motions "for leave to file dismissal motion on invalidity of state law claims" filed by defendants Anthony Hentz and Angela Stetter, dkt. #138, and defendant Annette Zaripov-Brand, dkt. #141, are GRANTED.

2. Defendants' motions to dismiss, dkt. ##139, 142, are DENIED.

Entered March 19, 2018.

>BY THE COURT:
>
>/s/
>
>_____
>JAMES D. PETERSON
>District Judge